OPINION OF THE COURT
Kenneth H. Lange, J.
This is a proceeding brought by the petitioner to obtain an order directing the State Comptroller to pay to her certain funds which have been turned over to him as abandoned property. Petitioner is the former wife of Ernest Steider. On August 10, 1977 she obtained a judgment in Family Court, Dutchess County, in the amount of $4,933.66, representing arrears in child support. That judgment has never been satisfied. Unknown to the petitioner, in 1972 Steider and another former wife were the defendants in a mortgage foreclosure action brought by the Poughkeepsie Savings Bank, which resulted in a sale of the property subject to the mortgage. A surplus over and above the mortgage debt in the amount of $4,248.29 was recovered and deposited with the Commissioner of Finance of Dutchess County. Pursuant to Abandoned Property Law §602 (1), the sum of $5,495.19, representing the surplus together with interest, was subsequently deposited with the State Comptroller as abandoned property. The peti *815 tioner now asserts her judgment as a claim against that fund pursuant to Abandoned Property Law § 1406 (2).
The State Comptroller, represented by the Attorney-General, objects to the claim on three grounds: (1) this is a motion in the prior foreclosure action and should be brought as such, rather than as a separate proceeding; (2) the proceeding should be on notice to all of the parties to the original litigation; and (3) the claim is untimely pursuant to Abandoned Property Law § 1406 (4) (b). For the reasons which follow, this court finds these objections to be without merit, and the petitioner to be entitled to the funds she claims.
The Comptroller’s first objection misperceives the nature of the proceeding. This is not a claim against the mortgaged property or the judgment proceeds which should be asserted in that action. Rather, it is a claim against the State Comptroller for funds which have been declared, pursuant to statute, to be abandoned property. It is a proceeding separate and distinct from the foreclosure action, and must be prosecuted as such.
The notice requirements for this proceeding are set forth in the statute: "Claim in the amount * * * of five hundred dollars or more for any abandoned property * * * hereafter paid to the state comptroller pursuant to paragraph (a) of subdivision one of section six hundred of this chapter, may be established only on order of the court and upon due notice to said comptroller.” (Abandoned Property Law § 1406 [2].) Had the statute provided for notice to the parties to the prior proceeding, it would be required. Since this is a separate and distinct proceeding, however, their appearance in the foreclosure action does not, in and of itself, entitle them to notice of this proceeding.
The Statute of Limitations referred to by this Comptroller (Abandoned Property Law § 1406 [4] [b]) applies only to es-cheat proceedings. It is not a bar to the recovery of funds deposited with the State Comptroller pursuant to Abandoned Property Law § 600 (1) (a) and § 602 (1).
The petitioner has established her claim to the satisfaction of this court in accordance with the statutory procedure. She is therefore entitled to an order directing payment of her claim, together with such interest as may be allowed pursuant to Abandoned Property Law § 1405. She is directed to submit a suitable order, on notice to the Attorney-General.