OPINION OF THE COURT
Peter Dounias, J.
James Haynes moves pursuant to section 1406 (2) of the Abandoned Property Law for an order directing payment by the State Comptroller. This action had been transferred from the Supreme Court pursuant to CPLR 325 (d).
*1061 On June 8, 1978, the Equitable Federal Savings and Loan Association of New York commenced this action to foreclosure a mortgage on property owned by Carlton Moore. The property, subject to the mortgage, was sold and a surplus over and above the mortgage debt, in the amount of $13,725.94, was deposited with the Suffolk County Treasurer. In March 1985, the Suffolk County Treasurer paid to the State Comptroller, as abandoned property, the amount of $19,432.65, the then balance of moneys deposited.
The movant, James Haynes, alleges that on July 11, 1977 he loaned Carlton Moore, in terms of a mortgage, $1,500. He alleges that the mortgage was due to be paid in full on September 15, 1977, but that to date, it has not been paid. The movant alleges that he is entitled to payment of $1,500 plus interest from the State Comptroller.
This motion is denied without prejudice. The notice requirements for this proceeding are set forth in the statute. Abandoned Property Law § 1406 (2) provides: "Claim in the amount or value of five hundred dollars or more for any abandoned property heretofore paid to the state * * * may be established only on order of the court and upon due notice to said comptroller.” The affidavit of service submitted by the movant does not show that the State Comptroller was notified. It is not a proper affidavit of service. The affidavit states, "The claimant, herein, James Haynes * * * placed in the hands of the notary undersigned the true and exact copies * * * to be mailed.” There is no sworn statement that the papers were in fact mailed. The court also notes that the statute only requires due notice to the Comptroller, and not the parties to the prior proceeding. (Recchia v Regan, 129 Misc 2d 814.)
Additionally, the court notes that the claim should be brought on by way of a special proceeding. "[A] claim against the State Comptroller for funds which have been declared, pursuant to statute, to be abandoned property * * * is a proceeding separate and distinct from the foreclosure action, and must be prosecuted as such.” (Recchia v Regan, 129 Misc 2d 814, 815, supra; see generally, Siegel, NY Prac §§ 547-553.)
Accordingly, this motion is denied with leave to renew the claim by bringing a special proceeding upon due notice to the State Comptroller.